# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-237V
March 31, 2014
Not to be Published

*******************************************

| | | |
|---|---|---|
| EDWIN W. FOCKLER, | * | |
| | * | |
| Petitioner, | * | Three-month onset of transverse myelitis |
| | * | after hepatitis B vaccine is too long; |
| v. | * | failure to prosecute; dismissal |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

*******************************************

F. John Caldwell, Sarasota, FL, for petitioner.
Lara A. Englund, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On April 4, 2013, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10–34 (2006), alleging that hepatitis B vaccine administered on August 23, 2010 caused him to suffer from transverse myelitis ("TM").

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

The medical records submitted in this case show that petitioner received his first hepatitis B vaccination on February 19, 2010.  Med. recs. Ex. A, at 15.  Petitioner received his second hepatitis B vaccination on April 29, 2010.  Id. at 8.  Petitioner received his third hepatitis B vaccination on June 28, 2010.  Id.  Petitioner has not filed proof that he received a fourth hepatitis B vaccination on August 23, 2010.

The medical records show that petitioner had transverse myelitis in early October 2010, or over three months after his third hepatitis B vaccination.  Med. recs. Ex. 2, at 134, 13, 103.  The undersigned has never held that a vaccination can cause a demyelinating injury, such as TM, more than two months after vaccination.  See Corder v. Sec'y of HHS, No. 08-228V, 2011 WL 2469736 (Fed. Cl. Spec. Mstr. May 31, 2011) (flu vaccine did not cause petitioner's GBS four months later).

During a telephonic status conference on January 27, 2014, petitioner's counsel stated that he had received the records he subpoenaed from the Michigan Department of Health.  There was no proof that petitioner received a hepatitis B vaccination on August 23, 2010, as he alleged in his petition.  Petitioner's counsel stated on January 27, 2014 that he would advise his client that he should move to dismiss this case.

On February 28, 2014, the undersigned held another telephonic status conference, during which petitioner's counsel stated he had written to and called petitioner advising him of the status of these proceedings and requesting approval for a motion to dismiss, but petitioner had not responded to his counsel's phone calls or letter.

On February 28, 2014, the undersigned issued an Order to Show Cause why this case should not be dismissed by Friday, March 28, 2014.

On March 28, 2014, petitioner's counsel filed a Response to Order to Show Cause, stating that his client was still not responsive to counsel's telephone calls, emails, and written correspondence.  Petitioner's counsel requested that the undersigned issue another Order to Show Cause by April 28, 2014, to enable petitioner's counsel to serve his client with the new Order to Show Cause by way of a process server.

The undersigned interprets petitioner's counsel's Response to Order to Show Cause as a motion for an extension of time.  Petitioner's counsel stated during a telephonic status conference on January 27, 2014, over two months ago, that he would advise his client to move to dismiss.  One month later, on February 28, 2014, petitioner's counsel informed the undersigned during another status conference that his client had not responded to his counsel's phone calls or letters since January 27, 2014.  Petitioner's counsel now seeks a total of three months since the January 27 status conference in order to inform his client of the undersigned's view of this case.  On February 28, petitioner reported that his client had not responded to him in the last 30 days.  Petitioner's counsel has already had 30 days to serve his client the Order to Show Cause through

a process server.  The undersigned denies petitioner's motion for extension of time and dismisses this case for failure to prosecute and lack of a prima facie case.

## FACTS

Petitioner was born on January 27, 1957.

On February 19, 2010, petitioner received his first hepatitis B vaccination.  Med. recs. Ex. A, at 15.  On April 29, 2010, petitioner received his second hepatitis B vaccination.  Id. at 8. On June 28, 2010, petitioner received his third hepatitis B vaccination.  Id.

On October 9, 2010, petitioner went to Mercy Hospital Cadillac Emergency Room, complaining of a five-day history of abdominal pain and distention with nausea to Dr. John McKnight.  Med. recs. Ex. 2, at 134.  Petitioner said he had a cough and sore throat about one week prior to his ER visit, had experienced intermittent chills over the past week, and had experienced an episode of dizziness that day and fallen.  His last bowel movement was four days previous.  Id.

On October 12, 2010, petitioner saw Dr. Kathleen Mahan for an ER follow-up, saying he had been sick for a few days with a cold and then started getting fevers over the past week.  Id. at 13.  He was very weak and had trouble walking, falling a few times.  Id.  His white blood count was elevated.  Id.

From October 13, 2010 to November 4, 2010, petitioner was at Munson Medical Center. Id. at 103.  The discharge diagnosis was meningoencephalitis and transverse myelitis, presumably viral.  Id.

## DISCUSSION

To satisfy his burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

Althen, 418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Although petitioner alleged he received his third hepatitis B vaccination on August 23, 2010, the medical records do not substantiate his allegation.  The Vaccine Act does not permit the undersigned to rule for petitioners based on their claims alone, "unsubstantiated by medical records or by medical opinion."  42 U.S.C. § 300aa-13(a)(1) (2006).

Petitioner has not provided a medical expert opinion supporting the allegation that hepatitis B vaccine can cause TM over three months later.

Petitioner has not satisfied the first prong of Althen in that he has not presented through a medical expert a credible medical theory explaining how hepatitis B vaccine could cause TM three months later.  Petitioner has not satisfied the second prong of Althen that there is a logical sequence of cause and effect showing that hepatitis B vaccine did cause petitioner's TM three months later, particularly in light of the fact that petitioner had a cough and sore throat one week before he visited the emergency room with TM.  Petitioner has not satisfied the third prong of Althen that three months is a medically appropriate time interval to show causation of TM from hepatitis B vaccine.  Thus, petitioner has not made a prima facie case of causation.

Petitioner has also manifested a failure to prosecute because, since January 27, 2014, he has refused to confer with his counsel even though counsel has phoned, emailed, and written him over the past two months.  The undersigned does not need petitioner's consent to dismiss this case.  In light of the undersigned's Corder decision, an onset interval of three months is too long to connote causation from the hepatitis B vaccination.  This case is **DISMISSED**.

## CONCLUSION

This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

March 31, 2014                                   s/Laura D. Millman
DATE                                        Laura D. Millman
                                           Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

4